**29D01-1606-PL-005009**
Hamilton Superior Court 1

Filed: 6/8/2016 3:17:18 PM
Tammy Bait
Clerk
Hamilton County, Indiana

| STATE OF INDIANA ) | IN THE HAMILTON COUNTY COURT |
| --- | --- |
| ) SS: | |
| COUNTY OF HAMILTON ) | CASE NO. 29D01- |

KRISTEN ERWIN

        Plaintiff,

v.

EXPRESS STORES INC.,

VICTORIA'S SECRET STORES, LLC.

COMENITY BANK, Corp.

Defendant.

**JURY TRIAL DEMANDED**

FILED
JUN 2 0 2016
CLERK OF THE
HAMILTON SUPERIOR COURT

## COMPLAINT

### Preliminary Statement

Plaintiff, Kirsten Erwin (hereinafter "Ms. Erwin" or "Plaintiff"), by her undersigned counsel, for this Complaint against Defendants, Express Stores, Inc. (hereinafter "Express"), Victoria's Secret Stores, LLC. (hereinafter "Victoria's Secret"), and Comenity Bank, Corp. (hereinafter "Comenity") and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (collectively referred to as "Defendants"), alleges as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### PARTIES

2. Plaintiff, Ms. Erwin, is a natural person and a citizen of Indiana, residing in Hamilton County, Indiana.


EXHIBIT A

3. Defendants are foreign for-profit corporations conducting business in Hamilton County, Indiana.

## JURISDICTION AND VENUE

4. Federal and State Courts of Indiana have concurrent subject matter jurisdiction over Plaintiff's actions brought under the Telephone Consumer Protection Act.

5. This Court has personal jurisdiction over Defendant because it conducts business in the State of Indiana and a substantial part of the wrongful acts alleged in this Complaint were committed in Indiana.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Hamilton County, Indiana.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls, whether they pay in advance or after the minutes are used. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003).

10. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed calls and calls using an artificial voice or prerecorded message to a wireless number by, or on behalf of, a creditor are permitted only if the calls are made with the "prior express consent" of the called party. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C. Rcd. 559 (2008).

11. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling, 23 F.C.C. Rcd. 559, 564-65 ¶ 10 (2008).

12. Under the TCPA, and pursuant to the FCC Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff gave her express consent to Defendant to use an autodialer to call her cellular telephone within the meaning of the statute. *See* FCC Declaratory Ruling, 23 F.C.C. Rcd. 559, 565 ¶ 10.

## FACTUAL ALLEGATIONS

**B.  Factual Allegations Regarding Defendants**

13. Plaintiff is/was a Express Next Credit Card holder. Said credit card was issued by Defendant, Express.

14. Plaintiff is/was a Victoria's Secret Angel Credit Card holder. Said credit card was issued by Defendant, Victoria's Secret.

15. Defendant, Comenity manages the credit programs for Defendants, Express and Victoria's Secret including but not limited to the Express Next and Victoria's Secret Angel credit card portfolios.

16. Plaintiff uses and owns a cellular phone with a service plan from Verizon (hereinafter "Cellular Phone")

17. Plaintiff is the account holder and owner of the Cellular Phone and is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

18. Plaintiff has specifically and unequivocally made verbal requests to Defendants to stop calling her Cellular Phone.

19. Despite Plaintiff's unequivocal verbal requests to Defendants to cease calls, Defendants continued to call Plaintiff's Cellular Phone.

   a. Comenity has called Plaintiff on dates including but not limited to February 1st, 2016 and May 27th, 2016.

   b. Victoria's Secret has called Plaintiff on dates including but not limited to June 17th, 2015 and December 28th, 2014.

   c. Express has called Plaintiff on dates including but not limited to November 25th, 2014, July, 22, 2015, November 24th, 2015, November 24th, 2015, December 2nd, 2015, December 5th, 2015.

20. Some of the calls answered by the Plaintiff and placed by Defendants had: (1) pre-recorded voice message; or (2) a standard pause and gap before a live operator was available. Consequently, many, if not all, of the calls made by Defendants to Plaintiff on her Cellular Phone, including, but not limited to, the calls listed in paragraph 14 above, were made using an automatic telephone dialing system ("ATDS") and/or artificial or prerecorded voice.

21. Defendant, Victoria's Secret's calls to Plaintiff on her Cellular Phone were made for purposes of collecting a debt associated with the Victoria's Secret Angel credit card.

22. Defendant, Express's calls to Plaintiff on her Cellular Phone were made for purposes of collecting a debt associated with the Express Next credit card.

23. Defendant, Comenity's calls to Plaintiff on her Cellular Phone were made for purposes of collecting a debt associated with the Victoria's Secret Angel and Express Next credit cards.

24. Defendants did not obtain prior express consent to call Plaintiff on her Cellular Phone. Any prior consent obtained by the Defendants was revoked via Plaintiff's verbal request to cease phone calls to her Cellular Phone.

25. Defendants are responsible and legally liable for making the above-described ATDS-generated and/or automated or prerecorded calls.

4

26. These calls caused Plaintiff severe emotional distress and invade her privacy.

27. Plaintiff states that the calls from the Defendants were harassing in nature. She repeatedly asked for said calls to stop but Defendants persisted with their harassment via autodialed phone calls.

28. Plaintiff has have been damaged by these illegal calls because her privacy was improperly invaded, minutes were used from her cellular telephone plans, and she were forced to spend time tending to unwanted calls. *See Martin v. Leading Edge Recovery Solutions, LLC*, Case No. 11 C 5886, 2012 WL 3292838 (N.D. Ill. Aug. 10, 2012) (Lefkow, J.).

## CAUSES OF ACTION

## FIRST COUNT

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(1)(A)

29. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

30. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1(A), by making calls, except for emergency purposes, to Plaintiff's Cellular Phone using an ATDS and/or artificial or prerecorded voice.

31. Plaintiff is presumptively entitled to an award of $500 in statutory damages for each and every call made to her Cellular Phone using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Plaintiff is also entitled to and do seek injunctive relief prohibiting the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 46 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to Plaintiff's Cellular Phone using an ATDS and/or artificial or prerecorded voice in the future.

## SECOND COUNT

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)

33. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

34. The foregoing acts and omissions of the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to Plaintiff's Cellular Phone using an ATDS and/or artificial or prerecorded voice.

35. As a result of the Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff is entitled to treble damages of up to $1,500 for each and every call made to her Cellular Phone using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

36. Plaintiff is also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any Plaintiff's Cellular Phone using an ATDS and/or artificial or prerecorded in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

B. An order enjoining Defendants and/or their affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

C. An award to Plaintiff of damages, as allowed by law;

D. Leave to amend this Complaint to conform to the evidence presented at trial; and

E. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated: June 8, 2016.

Respectfully submitted,

/s/ Syed Ali Saeed
Syed Ali Saeed (#28759-49)
SAEED & LITTLE, LLP
1433 N. Meridian Street, Suite 202
Indianapolis, Indiana 46202
Telephone: (317) 614-5741
Facsimile: 1-888-422-3151
Email: ali@sllawfirm.com

*Attorneys for Plaintiff*

29D01-1606-PL-005009

Hamilton Superior Court 1

Filed: 6/8/2016 3:17:18 PM
Tammy Bait
Clerk
Hamilton County, Indiana

STATE OF INDIANA    )
                    )  SS:
COUNTY OF HAMILTON  )

IN THE HAMILTON COUNTY COURT

CASE NO. 29D01-

KRISTEN ERWIN

    Plaintiff,

v.

EXPRESS STORES INC.,

VICTORIA'S SECRET STORES, LLC.

COMENITY BANK, Corp.

Defendant.

**JURY TRIAL DEMANDED**

## SUMMONS

TO DEFENDANT:  COMENITY BANK, CORP.
C/O THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER
1209 ORANGE ST, WILMINGTON, DE 19801.

    You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

    The nature of the suit against you is stated in the complaint, which is attached to this Summons. It all states the relief sought or the demand made against you by the plaintiff.

    An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

    If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer. If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-222).

Dated _____ JUN 21 2016 _____

Clerk, Hamilton County Court    CLERK OF COURTS

(The following manner of service of summons is hereby designated.)
__x__ Registered or certified mail.
_____ Service at place of employment, to-wit:_____
_____ Service on individual - (Personal or copy) at above address.
_____ Service on agent. (Specify) _____
_____ Other Service. (Specify) _____

Syed Ali Saeed
1433 N. Meridian St., Suite 202
Indianapolis, IN 46202
Telephone: 317-721-9214

29D01-1606-PL-005009
Hamilton Superior Court 1

Filed: 6/8/2016 3:17:18 PM
Tammy Bait
Clerk
Hamilton County, Indiana

STATE OF INDIANA ) IN THE HAMILTON COUNTY COURT
) SS:
COUNTY OF HAMILTON ) CASE NO. 29D01-

KRISTEN ERWIN

    Plaintiff,

v.

EXPRESS STORES INC.,

VICTORIA'S SECRET STORES, LLC.

COMENITY BANK, Corp.

Defendant.

**JURY TRIAL DEMANDED**

FILED
JUN 20 2016
CLERK OF THE
HAMILTON SUPERIOR COURT

## APPEARANCE OF COUNSEL

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):
    KRISTEN ERWIN

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

**Name:** Syed Ali Saeed
**Address:** Saeed & Little, LLP
1433 N. Meridian St., Suite 202
Indianapolis, IN 46202

**Atty Number** 28759-49
**Phone:** (317) 721-9214
**Fax:** 888-422-3151
**Email:** ali@sllawfirm.com

3. There are other party members: Yes____ No _X_ *(If yes, list on continuation page.)*

4. *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): ___~~SC~~ PL___

5. I will accept service by FAX at the above noted number: Yes ____ No _X_

6. This case involves support issues. Yes ____ No _X_ *(If yes, supply social security numbers for all family members on a separately attached page using light green paper.)*

7. There are related cases: Yes ____ No _X_ *(If yes, list on continuation page)*

8. This form has been served on all other parties. Certificate of Service is attached:
Yes _X_   No____

Respectfully submitted,

/s/ Syed Ali Saeed
Syed Ali Saeed, No. 28759-49
Saeed & Little, LLP
1433 North Meridian Street, Suite 202
Indianapolis, IN 46202
jeff@sllawfirm.com
317-586-2889 tel
317-324-9908 fax

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2016, a copy of the foregoing was filed electronically. Service of this filing will be made on ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the Court's system. Plaintiff will also provide a copy of the foregoing via first class mail together with the court issued summon and the Complaint for Damages filed in this matter.

/s/ Syed Ali Saeed
Syed Ali Saeed